**Pamela CONNOR, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

No. 96 C 8343.

United States District Court,
N.D. Illinois,
Eastern Division.

April 25, 1997.

Adam Jacob Krohn, Krohn & Moss, Ltd., Chicago, IL, for Pamela S. Connor.

R. Delacy Peters, Jr., Beverly Cassandra Fisher, Jones, Ware & Grenard, Chicago, IL, Beatriz Maria Olivera, Vigil, Berkley, Schulz & Gordon, P.C., Chicago, IL, for Ford Motor Co.

## MEMORANDUM AND ORDER

LINDBERG, District Judge.

Defendant, Ford Motor Company, has filed a motion to dismiss the complaint of plaintiff, Pamela Connor, pursuant to Rule 12(b)(1) (lack of subject matter jurisdiction), Rule 12(b)(6) (failure to state a claim for relief), and Rule 12(b)(7) (failure to join a party under Rule 19). Fed.R.Civ.P. 12(b)(1)(6)(7), 19. Plaintiff's complaint alleges violation of the Federal Magnuson–Moss Warranty Act, 15 U.S.C. § 2301; violation of the Illinois Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/1; breach of the implied warranty of merchantability, 810 ILCS 5/2–314; and common law

fraud in connection with her purchase of an automobile manufactured by defendant. Defendant's motion will be denied.

## BACKGROUND

Plaintiff alleges she purchased in February 1996 tinder a retail installment contract a model-year 1995 Thunderbird manufactured by defendant. The purchase price, including all registration, document, sales tax and financing charges, was $27,166.25. The transaction included a three-year or 36,000 mile warranty. Plaintiff alleges that defendant represented the vehicle was "new" despite its having been driven 6,850 miles. Plaintiff further alleges the vehicle had various warranty defects for which she sought the assistance of the Dispute Settlement Board ("DSB"), an entity established by defendant to render decisions regarding consumers' warranty problems. (The DSB's decisions are binding upon defendant, but may be rejected by vehicle owners.) After experiencing numerous warranty problems, plaintiff sought the assistance of the DSB. At a hearing conducted on September 12, 1996, the DSB awarded plaintiff the right to either a replacement vehicle or a refund of her purchase price. The purchase price was to include all taxes, fees, prepayment penalties and early termination charges, plus interest paid to date. Plaintiff opted for the full refund on September 20, 1996 by executing and delivering to defendant an "Acceptance of Decision". However, defendant's agent, John Schacht, later informed plaintiff on or about November 11, 1996 that the refund would be reduced by $3,215.85 to compensate defendant for "negative equity" on the vehicle traded for the Thunderbird, and that no credit for interest and miscellaneous other charges would be allowed. Plaintiff claims she is entitled to the refund originally determined by the DSB—the full purchase price of $27,166.25 plus interest which continues to accrue while the vehicle remains in her possession.

The complaint makes a breach of warranty claim under the Magnuson–Moss Warranty Act (Count I); a state law claim for breach of implied warranty of merchantability (Count II); claims for breach of the Illinois Consumer Fraud Act (Counts III and IV); and claims for common law fraud (Counts V and VI).

## DISCUSSION

*Rule 12(b)(1)*

Defendant has moved to dismiss the complaint in its entirety, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The district court has "original jurisdiction where the matter in controversy exceeds $50,000 [1] exclusive of interest and costs, and (1) is between citizens of different States." 28 U.S.C. § 1332(a). Because defendant is a citizen of the State of Michigan and plaintiff is a citizen of Illinois, the sole disputed issue is whether the $50,000 threshold is met.

Unless it appears to a legal certainty that a claim is for less than the jurisdictional amount, a district court shall accept a plaintiff's good faith allegation of the amount in controversy. *Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218 (7th Cir.1995). Here, the amount in controversy is $27,166.25, the purchase price of the vehicle. It is conceivable that plaintiff could recover damages under the statutes pled in excess of the minimum $50,000. This conclusion is based on awards of punitive damages under the Consumer Fraud Act in substantially similar automobile cases. *See Martin v. Heinold Commodities, Inc.,* 163 Ill.2d 33, 205 Ill.Dec. 443, 466, 643 N.E.2d 734, 757 (1994). Moreover, plaintiff may be entitled to attorneys' fees under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301. Thus, this court has original jurisdiction over this controversy. Consequently, the complaint will not be dismissed for lack of subject matter jurisdiction.

*Rule 12(b)(7)*

Defendant has moved to dismiss Counts III through VI, pursuant to Rule 12(b)(7), for failure to join an indispensable party, the

---

1. Thc matter in controversy must cxcccd $75,000 in cascs filcd as of January 1997. 28 U.S.C. § 1332(a).

selling dealer, whose presence would destroy diversity of citizenship. Fed.R.Civ.P. 12(b)(7), 19. Rule 12(b)(7) provides a defense for failure to join a party under Rule 19. Fed.R.Civ.P. 12(b)(7). Rule 19(a) requires a person to be joined in an action if feasible. Fed. R Civ. P. 19(a). Joinder is feasible where a person is subject to service of process and where the person's joinder will not deprive the court of jurisdiction over the subject matter of the action. When joinder is feasible, it must occur if "(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest … and disposition … may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed.R.Civ.P. 19(a). If the court determines joinder of a party described in 19(a)(1)-(2) is not feasible, then it must determine under (19)(b) whether in equity and good conscience the action should proceed or be dismissed because the absent person is regarded as indispensable. Fed.R.Civ.P. 19(b). Four factors are to be considered by the court in making its determination of whether an absent party is indispensable. First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties. Second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided. Third, whether a judgment rendered in the person's absence will be adequate. Fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R.Civ.P. 19(b).

■ Joinder of the selling dealer is not required under Rule 19(a) in Counts III, V and VI because the dealer's actions are unrelated to the gravamen of plaintiff's claim—that defendant failed to honor the DSB's decision she would receive a full refund. Joinder of the selling dealer is not required under 19(a)(1) because plaintiff alleges that misrepresentations regarding the vehicle's mileage are imputed to Ford, thus enabling plaintiff to obtain complete relief. Subpara-graph (a)(2) likewise does not apply because the selling dealer is not claiming an interest in the subject action. Thus, joinder is not required under Rule 19(a).

*Rule 12(b)(6)*

■ Defendant has moved to dismiss Counts III through VI, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Where the pleadings raise a contested issue of material fact, a Rule 12(b)(6) motion must be denied. *Mitchell v. Archibald & Kendall, Inc.,* 573 F.2d 429, 431 (7th Cir.1978). All well-pleaded facts must be taken as true. *Id.* A motion will be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Plaintiff alleges as facts that defendant manufactured and warrantied a vehicle; defendant formed the DSB, an entity formed to make warranty decisions which were to be binding upon defendant; the DSB issued a decision which was accepted; and defendant later reneged on its agreement to be bound by the DSB's decision. These allegations are well-pled, raise an issue of material fact, and provide a basis upon which relief may be granted. Thus, the complaint is legally sufficient and defendant's motion to dismiss Counts III through VI for failure to state claims upon which relief can be granted will be denied.

ORDERED: The motion of defendant Ford Motor Company to dismiss plaintiff Pamela Connor's complaint is denied.